PETERS, Judge ad hoc.
This is a personal injury action resulting from the collapse of one wall of an excavation in which plaintiff was working. At the time of the accident, plaintiff was employed as a laborer by the M. P. Dumesnil Construction Co., Inc. As part of a construction job, it was necessary for the Du-mesnil Co. to make an excavation about 10 feet square and about 8 feet deep. Louis Melancon, a construction supervisor and a defendant herein, was put in charge of the excavation. Melancon contacted a backhoe operator named Terrell, apparently an independent contractor, and asked him to dig the hole. Terrell was unable to work the day he was called but contacted another backhoe operator, Joseph Price, also a defendant herein. Price agreed to do the job.
Price went to the job site with his backhoe and proceeded to make the excavation. Following Melancon’s instructions, he cut the top two or three feet of the walls of the excavation at an angle and cut the remaining five or six feet vertically. The soil in which the excavation was made consisted of clay with small pockets of river sand and was somewhat damp. There was a large pipe near the bottom of the excavation and Price was unable to remove the dirt which was under the pipe. When Price had done all he could with the backhoe, Melancon sent three laborers — plaintiff, Patrick Landry and Jeffrey Touchet— into the hole to remove the dirt which was under the pipe. While the laborers were in the hole, Price remained on the backhoe, situated about three feet away from the north wall of the hole. Price several times lowered the bucket of the backhoe into' the hole to remove loose dirt which the laborers had removed from the area under the pipe. At the time of the accident, the backhoe was parked in place, with its outriggers down to stabilize it. Its engine was idling. The three laborers were still working in the hole when Melancon noticed the west wall of the hole was starting to collapse. He shouted a warning to the men in the hole, who attempted to get away from the falling wall. Plaintiff was hit by the falling mass of earth and pinned against the large pipe, suffering a fracture of the left pelvis.
The lower court concluded plaintiff had failed to prove by a preponderance of the evidence either causation or negligence on the part of defendants Melancon and Price. The lower court therefore dis *772 missed the suit at plaintiff’s costs. We affirm.
Plaintiff argues the circumstantial evidence clearly shows it is more probable than not the cave-in was caused by the movement of the backhoe too near the walls of the excavation. Like the district judge, we believe such a conclusion to be pure speculation. The preponderance of the evidence shows the backhoe was stationary at the time of the cave-in and had been stationary for at least several minutes. The backhoe was located behind the north wall of the hole and it was the west wall that collapsed. There is simply no evidence to support a conclusion that the location or movement of the backhoe was the cause of the accident. It is just as likely the cave-in was caused by something other than the backhoe.
Furthermore, the evidence does not show any negligence by either Melancon or Price.
Melancon ordered the excavation done in a manner which was customary in the industry. There was evidence indicating that the type of soil found at the job site — clay with small pockets of sand — was very stable, even when damp. Considering the usual stability of this type of soil, Me-lancon was not negligent in failing to have the walls of the hole shored up. Likewise, he was not negligent in failing to have the walls cut at an angle all the way to the bottom; in stable soil, it was reasonable to cut only the top two or three feet at an angle.
The preponderance of the evidence indicates Price at all times operated the backhoe in a reasonable manner. There is no proof he did anything that created an unreasonable risk of harm to the men working in the excavation.
Plaintiff has proved an unfortunate accident occurred but he has not proved the accident was caused by the fault of either Melancon or Price.
For the reasons assigned, the judgment of the lower court is affirmed at plaintiff-appellant’s costs.
Affirmed.